per year was agreed upon between the said defendants as alleged in the section above mentioned. (3) State what part of said wages was agreed upon as the consideration for the transfer of the land in question, as alleged in the defendant Smith's answer to the amended complaint in subdivision 1 of the second section thereof. (4) State in full the consideration given by the defendant Smith to the defendant Jerome for the land, as alleged in the answer to the amended complaint of defendant Smith and mentioned in the section last above mentioned." The only reason appearing therefor, apart from the pleadings, is found in an affidavit of the plaintiff, in which he says "that he has no knowledge or information of any account as set forth in the defense in this action as existing between the defendants, and never has had any suspicion that such an account existed, as he is familiar with the apparent relations of the said parties, and does not now believe that any such account exists between the parties which has been made in good faith"; and in an affidavit of his attorney, in which he says "that deponent is entirely ignorant of the information asked for herein, and has no means of otherwise finding the particulars sought, and that plaintiff deems it unsafe to proceed to trial without the particulars herein demanded." From the order requiring said bill of particulars, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Fuller Bros. (Raymond D. Fuller, of counsel), for appellants.
Charles A. Stone, for respondent.

CHASE, J. Not at least without some special reason therefor should the defendants be required to furnish the plaintiff with the evidence relied upon by them to sustain their defense. Neither the date when the agreement between the defendants was made, nor the fact whether the agreement was oral or in writing, is in itself of importance in this action. The defendants have stated that the consideration for said deed was the services performed by the defendant Smith for the defendant Jerome, and no other or further consideration is claimed or alleged. No special reason being shown therefor, justice does not seem to require that the defendants should answer the questions as required by the bill of particulars, and we think that the court should not have granted the order.

The order should be reversed, with $10 costs and disbursements. All concur.

(48 Misc. Rep. 587.)

BELL v. VILLARD et al.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

WILLS—CONTEST—LIMITATIONS—ABSENCE FROM STATE.
A permanent resident of a foreign country and nonresident of the state is not during his nonresidence "absent from the state," within the meaning of Code Civ. Proc. § 2653a, requiring actions to contest the probate of a will to be commenced within two years after the admission of the will to probate, but providing that persons "absent from the state" may bring such action within two years after the removal of the disability, but the exception of the statute applies only to residents of the state who happen to be absent therefrom.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 605.]

Appeal from Special Term.

Action by Helen Villard Bell against Fanny Garrison Villard and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

The following is the opinion of Mr. Justice Keogh, at Special Term:

The only question that is useful to consider is, has the plaintiff's right of action ceased? The will of Henry Villard was admitted to probate on December 29, 1900. This action was commenced in November, 1903. It is brought in accordance with the provisions of section 2653a of the Code of Civil Procedure; its object being to have the validity of the probate of Henry Villard's will tested. The final clause of this section reads as follows: "The action brought as herein provided shall be commenced within two years after the will or codicil has been admitted to probate, but persons within the age of minority, of unsound mind, imprisoned or absent from the state, may bring such action two years after such disability has been removed."

It is conceded that more than two years elapsed after the will was admitted to probate, and before this action was commenced, and that the plaintiff at no time since said probate was within the age of minority, of unsound mind, or imprisoned. It is also conceded by the pleadings that at the time of Henry Villard's death, and the admission of the will to probate, the plaintiff was the wife of James W. Bell, a British subject, and was then residing and has since continued to reside with her husband in the city of Dresden, Germany, and was and is an actual nonresident of this state. The means by which the plaintiff seeks to avoid the bar of this statute is by asserting that she was at all times since the date of her father's death, and until August, 1902, continuously absent from the state. The question demanding decision, therefore, is whether one who is and has been at all times since the admission of the will to probate a foreigner, and permanent nonresident of a foreign country, was intended to be included within those excepted as "absent from the state," and thus come within the saving clause of the limitation upon which the right of action is granted.

I think when the statute speaks of persons "absent from the state" it means residents of the state who happen to be absent therefrom. Absence presupposes former presence. It must be assumed that the Legislature used the words in their common and every-day meaning, and when a person is spoken of as absent from a certain place it is intended to describe a person who was at one time present in such place. As more than two years elapsed after the will of Henry Villard was admitted to probate and before this action was commenced, the plaintiff, being a nonresident, cannot have the benefit of the exception referred to. The demurrer must be sustained.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George D. Mumford, for appellant.
Hornblower, Byrne, Miller & Potter, for appellees.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Keogh at Special Term.